[Cite as *Woodford v. Woodford*, 2023-Ohio-193.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Chad N. Woodford, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 21AP-256 |
| v. | : | (C.P.C. No. 18DR-1824) |
| Danielle L. Woodford, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 24, 2023

**On brief:** *Wolinetz, Horvath & Brown, LLC*, *Dennis E. Horvath,* and *Eric M. Brown*, for appellant.

**On brief:** *Grossman Law Offices*, and *Tracy A. Younkin*, for appellee.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BEATTY BLUNT, P.J.

{¶ 1} Plaintiff-appellant, Chad N. Woodford, appeals the May 15, 2021 decision of the Franklin County Court of Common Pleas, Division of Domestic Relations ordering the trial record and shared parenting decree issued on July 6, 2020 in this case to be supplemented with a child support worksheet pursuant to Civ.R. 60(A). Appellant argues that the trial court erred by supplementing the trial record with a child support worksheet as the case was already under appeal.

{¶ 2} On the date that the trial court issued its order, this court had before it appellant's separate appeal in *Woodford v. Woodford*, 10th Dist. No. 20AP-377, 2022-

Ohio-3656 ("*Woodford I*"), in which the appellant had asserted that the trial court erred by failing to include a child support worksheet in the record. On October 13, 2022, we issued our decision in *Woodford I*, and held that the trial court erred by failing to attach a copy of the child support worksheet to its shared parenting decree. *Id*. at ¶ 23-27. We reversed the trial court's decision and remanded the case with the instruction to "review the award and deviation, along with the child support worksheet previously relied upon, and determine whether the award comports with the calculations therein; if it does, it should reenter its prior judgment and make the worksheet used part of the record of the case." *Id*. at ¶ 28. We also observed that our decision in *Woodford I* had "the likely effect of mooting the appeal presented" in this case. *Id*. at ¶ 28, fn. 2.

{¶ 3}   On review, we conclude that our decision in *Woodford I* has already determined the issues raised in this cause. We therefore dismiss this appeal as moot.

*Appeal dismissed.*

DORRIAN and MENTEL, JJ., concur.

———————